UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

BUZZFEED, INC. and BEN SMITH,
   Plaintiffs,

v.

DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, JAMES COMEY, and JAMES CLAPPER,
   Defendants.

Case No. 1:17-mc-02429-APM

**MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR AN ORDER COMPELLING DEFENDANTS TO FILE A REDACTED VERSION OF THEIR *EX PARTE*, *IN CAMERA* DECLARATION**

     On November 13, 2017, Defendants lodged an *ex parte, in camera* declaration (the "FBI Declaration") in support of their opposition to Plaintiffs' motion to compel, without seeking prior leave of this Court. *See* Dkt. 8-1. Pursuant to Fed. R. Civ. P. 12(f), Plaintiffs respectfully move this Court for an order striking the FBI Declaration or, in the alternative, compelling Defendants to file a redacted version of the FBI Declaration so that Plaintiffs may respond to its substantive arguments.

     The reasons for this Motion are set forth in the accompanying Memorandum of Points and Authorities. A proposed order is filed concurrently herewith.

Dated: December 4, 2017

Respectfully submitted,

/s/ Nathan Siegel

Nathan Siegel
Katherine M. Bolger
Adam Lazier

Alison Schary
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, D.C. 20006
Tel.: (202) 973-4200
Fax: (202) 973-4499
nathansiegel@dwt.com
katebolger@dwt.com
adamlazier@dwt.com
alisonschary@dwt.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

BUZZFEED, INC. and BEN SMITH,
   Plaintiffs,

v.

DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, JAMES COMEY, and JAMES CLAPPER,
   Defendants.

Case No. 1:17-mc-02429-APM

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

On November 13, 2017, without seeking leave of this Court, the Government Parties[1] filed an *ex parte*, *in camera* declaration (the "FBI Declaration") in support of their assertion that the law enforcement privilege bars disclosure of the information sought in Plaintiffs' motion to compel.  Defendants' Notice of Lodging of *Ex Parte, In Camera* Declaration (Dkt. No. 8-1). Aside from a single footnote in their brief in opposition to Plaintiffs' motion, the Government Parties have offered no basis for their unilateral decision to rely on this unusual and disfavored type of filing.  Nor have the Government Parties sought to make the public record as complete as possible by filing a redacted version of the declaration on the public docket.  Plaintiffs, who can only speculate as to the identity of the declarant, have therefore been deprived of the opportunity to respond to the Government Parties' assertions through the adversarial process.

The Government Parties' approach contravenes this Court's local rules and well-established law regarding the use of *ex parte*, *in camera* review.  First, the Government Parties

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in Plaintiffs' Motion to Compel and Incorporated Memorandum of Law.  (Dkt. No. 1.)

failed to seek leave to file their *ex parte, in camera* submission, depriving Defendants not only of the document itself but also the opportunity to contest the basis for its submission in this manner. Second, courts in this Circuit strongly disfavor reliance on *in camera* affidavits like this one setting forth the merits of a party's arguments, as distinct from the *in camera* review of documents whose disclosure is sought.  The use of *in camera* affidavits should not be used "unless necessary," and where they are used, that decision must be "justified to the greatest extent possible on the public record." *Lykins v. United States Dep't of Justice*, 725 F.2d 1455, 1465 (D.C. Cir. 1984).

Accordingly, Plaintiffs request that the Court strike the FBI Declaration in its entirety pursuant to Fed. R. Civ. P. 12(f).  Alternatively, Plaintiffs request that the Court order the Government Parties to file a redacted version of the FBI Declaration on the public record so that Plaintiffs may be given an opportunity to respond.[2]

## A. The Government Parties Improperly Submitted the FBI Declaration Without Seeking Leave of Court

As an initial matter, the Government Parties cite no authority for their decision to submit the FBI Declaration as an *ex parte*, *in camera* submission without first – or even simultaneously – seeking the Court's leave to do so.[3]  While the Government Parties are correct that courts do, in

---

[2] Counsel for Plaintiffs conferred with counsel for Defendants about the relief sought in this motion on the morning before it was filed, and suggested that the parties agree to a request for a short extension of time to file if the Defendants wished to confer further.   Counsel for Defendants advised that they were unable to respond substantively or consent to an extension prior to the deadline for filing a motion to strike set forth in Rule 12(f).  Plaintiffs are therefore filing this motion in an abundance of caution.

[3] Indeed, all of the cases cited by Defendants involved an *ex parte*, *in camera* submission with leave of the court.  *See Alexander v. FBI*, 186 F.R.D. 154, 169 (D.D.C. 1999) (considering affidavits filed under seal with permission of the court and agency materials submitted *in camera* upon court order); *Arieff v. U.S. Dep't of Navy*, 712 F.2d 1462, 1469-71 (D.C. Cir. 1983) (discussing narrow issue of whether district courts may properly consider *in camera, ex parte* affidavit in FOIA cases); *Leopold v. Dep't of Treasury*, No. 16-cv-1827-KBJ, Order Granting

2

certain circumstances, rely on *in camera* review of materials to determine the application of certain privileges or exemptions from disclosure, such materials are properly submitted to the Court after obtaining leave of the court.[4] *See, e.g., Alexander*, 186 F.R.D. at 169 (considering affidavits filed under seal with permission of the court and agency materials submitted *in camera* upon court order); *Leopold v. Dep't of Treasury*, No. 16-cv-1827-KBJ, Order Granting Motion for Leave to File In Camera, Dkt. No. 20 (D.D.C. Aug. 1, 2017) (granting motion for permission to file *in camera* affidavit in FOIA case).[5] A footnote buried in the Government Parties' brief is not the proper vehicle for seeking to file materials *in camera*.

**B.**     ***Ex Parte, In Camera* Submissions Are Disfavored**

This Court has made clear that there is a meaningful difference between the *in camera*, *ex parte* examination of documents withheld pursuant to an evidentiary privilege and the *in camera, ex parte* review of a declaration on which the Government "hopes it can <u>rely</u>" for the merits of its case. *Judicial Watch, Inc. v. Tillerson*, C.A. Nos. 15-785, 15-1068, 2017 WL 3835677, at *2

---

Motion for Leave to File In Camera, Dkt. No. 20 (D.D.C. Aug. 1, 2017) (granting motion for permission to file *in camera* affidavit in FOIA case).

[4] Local Rule 5.1(h) provides: "Absent statutory authority, no case or document may be sealed without an order from the Court. A document filed with the intention of being sealed in an otherwise public case . . . shall be accompanied by a motion to seal," and "[f]ailure to file a motion to seal will result in the document being placed on the public record." Local Rule 5.1(h) ("Sealed or Confidential Documents"). Though the Government Parties do not style their *ex parte*, *in camera* declaration as a document to be sealed, that is a distinction without a difference here. A sealed document is withheld only from the public, whereas an *ex parte*, *in camera* declaration is also concealed from the opposing party. As such, it should require greater justification than a sealed document, not less.

[5] *See also, e.g., Elec. Privacy Info. Ctr. v. DOJ Crim. Div.*, 82 F. Supp. 3d 307, 313 (D.D.C. 2015) (defendants filed and the court granted a "motion for leave to file *ex parte* declarations"); *Judicial Watch, Inc. v. IRS*, Case No. 14-cv-1872, 2015 U.S. Dist. LEXIS 111343, at *3 (D.D.C. Aug. 24, 2015) ("IRS thereafter filed a motion for leave to submit a declaration . . . for *in camera*, *ex parte* review, which the Court granted"); *Labow v. U.S. DOJ*, 66 F. Supp. 3d 104, 111 (D.D.C. 2014) ("the DOJ moved for permission to submit an *ex parte*, *in camera* declaration").

(D.D.C. Aug. 31, 2017) (emphasis in original).  Where documents are withheld pursuant to an evidentiary privilege, a court may inspect those documents *in camera* "for the limited purpose of determining whether the asserted privilege is genuinely applicable." *Id*.  But where, as here, the government submits a declaration on which it intends to rely "while still shielding [its] contents from Plaintiffs and the public," courts may rely on that *ex parte* evidence "[o]nly in the most extraordinary circumstances."  *Id.*; *see also FTC v. Boehringer Ingelheim Pharms., Inc.*, 180 F. Supp. 3d 1, 20 (D.D.C. 2016) (to approve the use of *ex parte* affidavits, "the D.C. Circuit requires the Court to find that the interests of the adversary process are outweighed by other crucial interests"), *appeal docketed*, Nos. 16-5356 & 16-5357 (consolidated) (D.C. Cir. Nov. 30, 2016).

The Government Parties have not articulated any reason why such extraordinary circumstances might be present here; accordingly, they cannot overcome the strong presumption against the use of *ex parte* submissions.  *See id.*, 180 F. Supp. 3d at 22 (denying motion to file *ex parte* affidavit because defendant failed to meet its "high burden to show that the affidavit is necessary or appropriate in these circumstances").[6]

Moreover, this is not a case involving FOIA, which expressly provides for the *in camera* review of agency materials withheld under one of the statute's nine exemptions.  *See* 5 U.S.C. § 552(a)(4)(B); *Kay v. FCC*, 976 F. Supp. 23, 33 (D.D.C. 1997).  Absent such express authority, it is "the firmly held main rule that a court may not dispose of the merits of a case on the basis of

---

[6] Additionally, though Plaintiffs can only speculate as to the contents of the purportedly secret declaration, given that it was submitted in support of the Government Parties' invocation of the law enforcement privilege, it very likely confirms the existence of the Government Parties' investigation of the Dossier, which has been widely reported upon by countless news organization since its publication – and is precisely the confirmation that the Government Parties claim elsewhere in its motion is too "burdensome" to produce.  Where a document submitted for *in camera* review "largely rehashes information already made public," there is no justifiable need for secrecy.  *Tillerson*, 2017 WL 3835677, at *1.

4

*ex parte*, *in camera* submissions." *Abourezk v. Reagan*, 785 F.2d 1043, 1061 (D.C. Cir. 1986) (noting the court's "grave concern about the district court's heavy reliance upon *in camera ex parte* evidence", *id*. at 1060); *see also Weil v. Markowitz*, 829 F.2d 166, 174 n.17 (D.C. Cir. 1987) ("[T]he conduct of most judicial actions *ex parte* [is] generally disfavored in American jurisprudence."); *Chekkouri v. Obama*, 158 F. Supp. 3d 4, 5-6 (D.D.C. 2016) ("Ex parte submissions 'generally are disfavored because they conflict with a fundamental precept of our system of justice: a fair hearing requires a reasonable opportunity to know the claims of the opposing party and to meet them.") (citation omitted).

Indeed, even in the FOIA context, this Circuit has specifically questioned "[t]he legitimacy of accepting *in camera* affidavits (as opposed to *in camera* review of withheld documents)." *Lykins*, 725 F.2d at 1465. The D.C. Circuit explained:

> Although *in camera* review of withheld documents is permissible (and even encouraged), we have held that a trial court should not use *in camera* affidavits unless necessary and, if such affidavits are used, it should be certain to make the public record as complete as possible. … When a trial court does make use of *in camera* affidavits, it must see to it that such use is justified to the greatest extent possible on the public record, and must then make available to the adverse party as much as possible of the *in camera* submission.

*Id*. *Accord Armstrong v. Exec. Office of the President*, 97 F.3d 575, 580-81 (D.C. Cir. 1996) ("Case law in this Circuit is clear that when a district court uses an in camera affidavit, it must both make its reasons for doing so clear and make as much as possible of the in camera submission available to the opposing party."). *See also Simon v. U.S. Dep't of Justice*, Civ. A. 89-2117(CRR), 1990 WL 137382, at *1 (D.D.C. Sept. 14, 1990) (defendants typically "not . . . permitted to submit any *ex parte* declarations or affidavits, a course which the United States Court of Appeals for this Circuit has said should be 'chosen only where absolutely necessary'") (citation omitted); *Citizens for Envtl. Quality, Inc. v. U.S. Dep't of Agric.*, 602 F. Supp. 534, 540

5

(D.D.C. 1984) (declining to consider *in camera* affidavit that defendant submitted without permission because the "validity of the government's assertion of exemption [could] be evaluated with information contained in public affidavits").

The Government Parties cite *Leopold v. Department of Treasury* as an example of a case in which "courts in this district have permitted the Government to submit *ex parte, in camera* declarations to justify their withholding of records related to the FBI's investigation of Russian interference in the 2016 Presidential election." Br. 32 n.13. Setting aside the fact that the government in *Leopold* sought leave to submit its *ex parte*, *in camera* filings – thus providing the plaintiff with an opportunity to respond – *Leopold* is easily distinguishable. In that case, the government filed a redacted declaration on the public docket and requested the court's leave to file an unredacted version of that declaration for *in camera* review in order to facilitate the disposition of its motion for summary judgment. 16-cv-01827-KBJ, Order Granting Motion for Leave to File in Camera, Dkt. No. 20 (D.D.C. Aug. 1, 2017). After observing that "*in camera* declarations should be avoided unless absolutely necessary," the court granted the government's motion, relying in part on the fact that the publicly-filed version of the declaration contained "relatively few redactions." *Id*. at 3. The court thus found the government's request distinguishable from cases like this one, where "entire declarations are submitted for *in camera* review and no information is provided publicly." *Id*.

Unlike in *Leopold*, defendants here have not "sought to minimize interference with the normal adversary process by making a significant portion of the . . . Declaration available to Plaintiffs and the public." *Id*. at 3-4. This cuts against a finding that an *ex parte*, *in camera* submission is warranted. *See id*.

For the foregoing reasons, Plaintiffs respectfully request that this Court strike the FBI Declaration in its entirety and decline to consider it. Alternatively, Plaintiffs request that the Court order the Government Parties to file a redacted version of their *ex parte*, *in camera*, declaration on the public docket so that Plaintiffs may be given an opportunity to respond to its contents.

Dated: December 4, 2017					Respectfully submitted,


						/s/ Nathan Siegel

						Nathan Siegel
						Katherine M. Bolger
						Adam Lazier
						Alison Schary
						DAVIS WRIGHT TREMAINE LLP
						1919 Pennsylvania Avenue NW, Suite 800
						Washington, D.C. 20006
						Tel.: (202) 973-4200
						Fax: (202) 973-4499
						nathansiegel@dwt.com
						katebolger@dwt.com
						adamlazier@dwt.com
						alisonschary@dwt.com

						*Counsel for Plaintiffs*