# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BUZZFEED, INC. and BEN SMITH,

*Plaintiffs*,

v.

U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, JAMES COMEY, and JAMES CLAPPER,

*Defendants*.

Case No. 1:17-mc-02429-APM

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE

## TABLE OF CONTENTS

BACKGROUND ........................................................................................................................ 1

ARGUMENT ........................................................................................................................... 4

I.      The Court Need Not Resolve Buzzfeed's Motion to Strike. ............................................ 5

II.     The Court Alternatively Should Deny Buzzfeed's Motion to Strike.................................. 5

        A.      The Government is not required to seek leave to file an *ex parte* declaration for
                *in camera* review.................................................................................................... 5

        B.      The Government's submission of an *ex parte* declaration in support of its
                assertion of the law enforcement investigatory privilege was appropriate............. 8

        C.      The Government's *Ex Parte* Declaration Does Not Prejudice Buzzfeed. ............ 12

CONCLUSION........................................................................................................................ 13

## TABLE OF AUTHORITIES

**Cases**                                                                                      **Page(s)**

*Alexander v. FBI*,
   186 F.R.D. 154 (D.D.C. 1999) ......................................................................... 8

*Am. Civil Liberties Union v. Office of the Dir. of Nat'l Intelligence*,
   No. 10-cv-4419, 2011 WL 5563520 (S.D.N.Y. Nov. 15, 2011) ............................ 8

*Arieff v. Dep't of Navy*,
   712 F.2d 1462 (D.C. Cir. 1983) .................................................................. 7, 12

*Barnard v. Dep't of Homeland Sec.*,
   598 F. Supp. 2d 1 (D.D.C. 2009) ..................................................................... 9

*Campbell v. Dep't of Health & Human Servs.*,
   682 F.2d 256 (D.C. Cir. 1982) ..................................................................... 7, 9

*CIA v. Sims*,
   471 U.S. 159 (1985) ........................................................................................ 9

*Elec. Privacy Info. Ctr. v. Dep't of Justice*,
   — F. Supp. 3d —, 2017 WL 5176309 (D.D.C. Nov. 7, 2017) ............................ 10

*FTC v. Boehringer Ingelheim Pharm., Inc.*,
   180 F. Supp. 3d 1 (D.D.C. 2016) ................................................................... 11

*Gubarev v. BuzzFeed, Inc.*,
   No. 17-cv-60426 (S.D. Fla.) ........................................................................... 2

*Hayden v. NSA*,
   608 F.2d 1381 (D.C. Cir. 1979) ............................................................ *passim*

*Johnson v. U.S. Capitol Police Bd.*,
   No. 03-cv-614, 2005 WL 486743 (D.D.C. Mar. 2, 2005) .................................... 12

*Judicial Watch*, Inc. *v. U.S. Dep't of Commerce*,
   224 F.R.D. 261 (D.D.C. 2004) ......................................................................... 4

*LaRouche v. Dep't of Treasury*,
   No. 91-cv-1655, 2000 WL 805214 (D.D.C. Mar. 31, 2000) ................................ 12

*Leopold v. Dep't of Justice*,
   No. 16-cv-1827 (D.D.C.) .................................................................................. 6

*Leopold v. Dep't of Treasury*,
   No. 16-cv-1827 (D.D.C.) ................................................................................ 10

*Life Extension Found., Inc. v. IRS*,
    915 F. Supp. 2d 174 (D.D.C. 2013), *aff'd* 559 Fed. App'x 3 (D.C. Cir. Apr. 25, 2014) ......... 6

*Linder v. Dep't of Defense*,
    133 F.3d 17 (D.C. Cir. 1998) ................................................................................ 8, 9

*Lipsky v. Commonwealth United Corp.*,
    551 F.2d 887 (2d Cir. 1976) ................................................................................ 5

*Makuch v. FBI*,
    No. 99-cv-1094, 2000 WL 915767 (D.D.C. Jan. 7, 2000) ...................................... 4

*Mobley v. CIA*,
    806 F.3d 568 (D.C. Cir. 2015) .............................................................................. 6

*Mobley v. CIA*,
    No. 11-cv-2073 (D.D.C.) ....................................................................................... 6

*Nwachukwu v. Karl*,
    216 F.R.D. 176 (D.D.C. 2003) ............................................................................ 4, 5

*Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.*,
    647 F.2d 200 (D.C. Cir. 1981) ............................................................................ 4, 5

*Stillman v. CIA*,
    319 F.3d 546 (D.C. Cir. 2003) .............................................................................. 8

*United States ex rel.* Landis *v. Tailwind Sports Corp.*,
    308 F.R.D. 1 (D.D.C. 2015) ............................................................................... 4, 5, 7

*United States ex rel.* Touhy *v. Ragen*,
    340 U.S. 462 (1951) ............................................................................................. 2

*Wiggins v. Philip Morris, Inc.*,
    853 F. Supp. (D.D.C. 1994) .................................................................................. 4

**Statute**

5 U.S.C. § 552(b)(7)(A) .............................................................................................. 9

**Rules**

D.C. Local Rule 5.1(h) .............................................................................................. 6

Fed. R. Civ. P. 12(f) ............................................................................................. 3, 4, 7

**Administrative and Executive Material**

28 C.F.R. §§ 16.21-16.29 ......................................................................................... 2

**<u>Other Authorities</u>**

5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1380 (1969) ........................... 4

Ken Bensinger, et al., *These Reports Allege Trump Has Deep Ties to Russia*, <u>BuzzFeed</u> (Jan. 10, 2017),
   https://www.buzzfeed.com/kenbensinger/these-reports-allege-trump-has-deep-ties-to-
   russia?utm _term=.cczPnqJpb#.de5LYnVqB ....................................................................... 2

On December 4, 2017, Plaintiffs BuzzFeed, Inc. and Ben Smith (hereinafter, collectively, "Buzzfeed") moved to strike Defendants' *ex parte*, *in camera* declaration, submitted in support of their contention that the testimony Buzzfeed seeks to compel from Government Respondents is protected by the law enforcement investigatory privilege.  Because the Government provided two additional, independent grounds for denying Buzzfeed's motion to compel – *viz.*, that the testimony Buzzfeed seeks to compel does not satisfy the relevancy requirement for civil discovery, and that the testimony sought would impose an undue burden on the Government Respondents – the Court need not decide Buzzfeed's motion to strike in order to adjudicate this miscellaneous action.  Indeed, resolution of that motion would be obviated by the Court's consideration of those grounds first.

Alternatively, the Court should deny Buzzfeed's motion to strike, which is predicated primarily on the Government's failure to seek leave before filing the subject declaration.  The Government's submission of this declaration was proper under the local rules and appropriate in light of its assertion of the law enforcement investigatory privilege.  The D.C. Circuit has long held that *ex parte*, *in camera* submissions are appropriate where the harm of disclosing Government information outweighs the general principle of an open adversary process.  The Court therefore should reject Buzzfeed's attempt to force the Government to reveal law enforcement sensitive information simply because Buzzfeed disagrees with how the information was submitted to the Court.

## BACKGROUND

On September 27, 2017, Buzzfeed initiated a miscellaneous action in this Court, seeking to compel third-party testimony from the Government Respondents on nine enumerated topics.

1

*See* Mot. to Compel, at 12-13, ECF No. 1.[1]  This testimony, Buzzfeed contends, is relevant to two

of the defenses it has raised in a private defamation action filed against it in Florida.  *See Gubarev*

*v. BuzzFeed, Inc.*, No. 17-cv-60426 (S.D. Fla.) (hereinafter "Florida litigation").   The Florida

litigation arises out of an article Buzzfeed posted on its website on January 10, 2017.  *See* Ken

Bensinger, et al., *These Reports Allege Trump Has Deep Ties to Russia*, <u>BuzzFeed</u> (Jan. 10, 2017),

https://www.buzzfeed.com/kenbensinger/these-reports-allege-trump-has-deep-ties-to-russia?utm

_term=.cczPnqJpb#.de5LYnVqB (hereinafter "Article") (last visited Dec. 15, 2017).  The Article

contained an embedded, 35-page document that Buzzfeed calls "the Dossier" which, in turn,

contained statements that plaintiffs in the Florida litigation allege are defamatory.  *See* ECF No.

1-3, Ex. 1 ("Florida Complaint") ¶¶ 25-28.

Buzzfeed originally served seven third-party subpoenas on various intelligence agencies

and officials: the Department of Justice ("DOJ"), the Federal Bureau of Investigation ("FBI"), the

Office of the Director of National Intelligence ("ODNI"), former FBI Director James Comey,

former DNI James Clapper, the Central Intelligence Agency ("CIA"), and former CIA Director

John Brennan.  These subpoenas, which each sought ten categories of records, as well as testimony

on a variety of topics, were treated as *Touhy* requests by the Government Respondents, because

none of the subpoenaed entities is a party in the Florida litigation.  *See generally United States ex*

*rel. Touhy v. Ragen*, 340 U.S. 462 (1951); *see also, e.g.*, 28 C.F.R. §§ 16.21-16.29 (DOJ *Touhy*

regulations).   Pursuant to their *Touhy* regulations, all Government Respondents denied the

requests.  *See* Defendants' Opp. to Mot. to Compel ("Gov't Opp."), at 5-6, ECF No. 8.  Buzzfeed

---

[1] A more detailed description of the background in this case can be found in the Government's opposition to Buzzfeed's motion to compel.  *See* Gov't Opp. at 2-8.

later met with undersigned counsel for the Government in an attempt to narrow its *Touhy* requests, but the Respondent agencies denied the narrowed requests.  *See id.* at 6.

Buzzfeed subsequently filed a miscellaneous action in this Court, and an accompanying motion to compel.  On November 13, 2017, the Government filed an opposition to Buzzfeed's motion to compel, identifying three independent and sufficient grounds for denying Buzzfeed's motion:  (1) the testimony sought in Buzzfeed's motion to compel is not relevant to the Florida litigation; (2) the testimony sought would impose an undue burden on the Government Respondents; and (3) the testimony sought is protected by the law enforcement investigatory privilege.  *See id.* at 12-37.  As relevant here, the Government also submitted an *ex parte* declaration, for the Court's *in camera* review, for the limited purpose of supporting argument (3). *See* Defs.' Notice of Filing of *Ex Parte* Declaration, ECF No. 8-1; Gov't Opp. at 32 n.13 (explaining *in camera* submission and labeling it "FBI Decl[aration]").

Three weeks later, on December 4, 2017, Buzzfeed moved to strike the Government's *ex parte*, *in camera* declaration.  *See* Mot. to Strike, ECF No. 11.[2]  In its motion, Buzzfeed contends that the Court should "strike the FBI Declaration in its entirety pursuant to Fed. R. Civ. P. 12(f)" because the Government ought to have sought leave of Court before submitting the declaration, and because *ex parte*, *in camera* submissions are disfavored.  *See* Mot. to Strike at 2-6.  In the alternative, Buzzfeed asks this Court to order the Government to file a redacted version of the *ex parte* declaration on the public docket.  *Id.* at 2.

---

[2] Counsel for Buzzfeed contacted undersigned counsel for the Government on the morning of December 4, 2017, requesting an extension of time and a further conference with Defendants. Undersigned counsel explained that Buzzfeed had provided insufficient time to consult with her clients and so Buzzfeed filed the instant motion later that same day.

**ARGUMENT**

"Rule 12(f) of the Federal Rules of Civil Procedure permits a court to 'order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 457, 457 (D.D.C. 1994) (quoting Fed. R. Civ. P. 12(f)).  Under this Rule, "[i]mmaterial and impertinent matter is matter that is not materially relevant to any pleaded claim for relief or defense." *Makuch v. FBI*, No. 99-cv-1094, 2000 WL 915767, at *2 (D.D.C. Jan. 7, 2000).  "It is settled in this jurisdiction that the term 'pleading' for the purposes of Rule 12(f) includes affidavits and declarations filed in support of technical pleadings . . . ." *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 224 F.R.D. 261, 263 n.1 (D.D.C. 2004).

"[M]otions to strike, as a general rule, are disfavored." *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981) (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1380, at 783 (1969) (explaining that motions to strike under Fed. R. Civ. P. 12(f) "are viewed with disfavor and are infrequently granted")); *see also United States ex rel. Landis v. Tailwind Sports Corp.*, 308 F.R.D. 1, 4 (D.D.C. 2015) ("The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion . . . [h]owever, a motion to strike is a drastic remedy that courts disfavor." (citations omitted) (alterations in original)).

Rule 12(f) "does not by its terms require the striking of matters that are prejudicial.  Yet, because courts view motions to strike with such disfavor, many courts will grant such motions only if the portions sought to be stricken are prejudicial or scandalous." *Nwachukwu v. Karl*, 216 F.R.D. 176, 178 (D.D.C. 2003).  Furthermore, "[i]n considering a motion to strike, the court will . . . resolve all doubts in favor of denying the motion to strike.  Consequently, the burden lies with

4

the movant." *Id.* In short, "absent a 'strong reason for so doing,' courts will generally 'not tamper'" with the parties' submissions. *Id.* (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)).

## I.     The Court Need Not Resolve Buzzfeed's Motion to Strike.

As an initial matter, the Court should defer ruling on the instant motion pending resolution of Buzzfeed's fully briefed motion to compel,[3] because the Government opposed that motion to compel on three separate and independent grounds—the following two of which did not rely at all on the FBI declaration: (1) the testimony Buzzfeed seeks to compel does not satisfy the relevancy requirement of Federal Rule of Civil Procedure 26, *see* Gov't Opp. at 12-22; and (2) the testimony Buzzfeed seeks would impose an undue burden on the Government Respondents, *see id.* at 23-31, and therefore the considerations set forth in Federal Rule of Civil Procedure 26(b)(1)-(2) militate against compelling that testimony. Either of these grounds is dispositive of this miscellaneous action. Thus, because "motions to strike, as a general rule, are disfavored," *Stabilisierungsfonds Fur Wein*, 647 F.2d at 201, the Court should exercise its discretion, *see, e.g.*, *Tailwind Sports Corp.*, 308 F.R.D. at 4, and defer ruling on Buzzfeed's motion to strike pending the determination of whether this action should be resolved on either of the two other grounds asserted in the Government's opposition to the motion to compel.

## II.     The Court Alternatively Should Deny Buzzfeed's Motion to Strike.

### A.     The Government is not required to seek leave to file an *ex parte* declaration for *in camera* review.

No D.C. Circuit authority, Federal Rule of Civil Procedure, statute, or Local Civil Rule requires the Government to seek permission from or provide prior notice to Plaintiffs or the Court

---

[3] Buzzfeed's reply in support of its motion to compel is due today, December 18, 2017. *See* Minute Order of Dec. 8, 2017. By operation of Local Rule 7(d) and Federal Rule of Civil Procedure 6, Buzzfeed's reply in support of its motion to strike is not due until December 26, 2017.

before submitting an *ex parte*, *in c*amera declaration.[4]  *See, e.g.*, *Life Extension Found., Inc. v. IRS*, 915 F. Supp. 2d 174, 185-86 (D.D.C. 2013) (considering *in camera* declarations after defendant filed notice of lodging, *see* ECF No. 12, but did not request leave to file the declaration *ex parte*), *aff'd* 559 Fed. App'x 3 (D.C. Cir. Apr. 25, 2014) (reviewing *in camera* declarations and finding that agency properly invoked statutory law-enforcement exemptions where "*in camera* declarations provide additional details explaining why the IRS has not described any investigation or informant information in [] greater detail in its public submissions"); *see also Mobley v. CIA*, 806 F.3d 568, 588 (D.C. Cir. 2015) (affirming conclusions that district court reached after considering *ex parte*, *in camera* declaration of FBI, which FBI lodged without requesting leave to file); *Mobley v. CIA*, No. 11-cv-2073 (D.D.C.), ECF No. 26 (June 29, 2012) (notice of *ex parte*, *in camera* filing by FBI).

Buzzfeed asserts that Local Rule 5.1(h), which requires that "[a] document filed with the intention of it being sealed . . . shall be accompanied by a motion to seal," applies to *in camera* submissions, as well.  *See* LCvR 5.1(h).  Yet Buzzfeed does not identify a single decision of a court in this district that has interpreted Rule 5.1(h) in that manner, and the plain language of the Rule states that it governs only "sealed or confidential documents."  *Id.*  Even Buzzfeed concedes that sealed documents and *ex parte*, *in camera* submissions are qualitatively different, *see* Mot. to

---

[4] The Government does occasionally seek leave to file an *ex parte*, *in camera* declaration before doing so; however, the decision to request permission in some instances does not thereby require the Government to seek advance leave to file *ex parte*, *in camera* submissions in all instances.  *See, e.g.*, *Leopold v. Dep't of Justice*, No. 16-cv-1827 (D.D.C.), Request for Leave to File *Ex Parte*, *In Camera* Declaration, ¶ 9, ECF No. 17 ("No D.C. Circuit authority or Local Civil Rule requires Defendants to seek permission from . . . the Court before submitting an *ex parte*, *in camera* declaration. . . .  As a courtesy and out of an abundance of caution, however, Defendants are filing this motion.").  In granting the Government's motion for leave to file an *ex parte* declaration in *Leopold*, the court did not disagree with the Government's assertion that it was not required to file such a motion.

Strike at 3 n.4; accordingly, the acceptance of *ex parte*, *in camera* submissions is left to the discretion of the court.  As the D.C. Circuit has explained, "the receipt of *in camera* . . . affidavits . . . when necessary . . . [is] part of a trial judge's procedural arsenal." *Arieff v. Dep't of Navy*, 712 F.2d 1462, 1469 (D.C. Cir. 1983) (citation omitted); *see also, e.g.*, *Hayden v. NSA*, 608 F.2d 1381, 1388 (D.C. Cir. 1979) (noting that an affidavit submitted for *in camera* review "spells out . . . with greater specificity" the information provided by the Government on the public docket); *Campbell v. Dep't of Health & Human Servs.*, 682 F.2d 256, 265 (D.C. Cir. 1982) (suggesting that, on remand, the district court could accept *in camera* submissions to support law enforcement exemptions to Freedom of Information Act).

Even if this Court did prefer that the Government first seek leave to file an *ex parte* declaration, the appropriate remedy would not be to strike the declaration altogether.  Rather, the Court would mandate that the Government justify submitting the *ex parte* declaration.  Yet because this opposition to Buzzfeed's motion to strike serves exactly that function, there is no prejudice to Buzzfeed and nothing "redundant, immaterial, impertinent, or scandalous" about the *ex parte* submission of the affidavit for *in camera* review.[5]  Fed. R. Civ. P. 12(f).  In fact, Buzzfeed suggests that the Government erred simply by selecting an "[im]proper vehicle" for its justification for the *ex parte* submission—that is, by locating that justification in a footnote in the Government's brief rather than a request filed concurrently therewith.  Mot. to Strike at 3.  In other words, Buzzfeed's objection elevates form over substance and does not warrant striking the FBI declaration, a "drastic remedy that courts disfavor."  *Tailwind Sports Corp.*, 308 F.R.D. at 4 (citation omitted).

---

[5] Nor is there any merit to Buzzfeed's suggestion that the Government's filing of the FBI Declaration without requesting leave to do so deprived Buzzfeed of "the opportunity to contest the basis for its submission in this manner."  Mot. to Strike at 2.  Buzzfeed could have challenged the Government's rationale for its *in camera* submission in its reply brief in support of its motion to compel or—as it chose to do here—in a separate Rule 12(f) motion.

Alternatively, the Court should treat this opposition to Buzzfeed's motion to strike as a *nunc pro tunc* request for leave to file an *ex parte* declaration for the Court's *in camera* review.

> **B.      The Government's submission of an *ex parte* declaration in support of its assertion of the law enforcement investigatory privilege was appropriate.**

While *ex parte*, *in camera* submissions as a general matter are disfavored, they are fairly common – and, indeed, crucial – in the context of intelligence-gathering, national security, and law enforcement.  As the D.C. Circuit has explained, when national security is at issue, "*in camera* review of affidavits, followed if necessary by further judicial inquiry, will be the norm." *Stillman v. CIA*, 319 F.3d 546, 548 (D.C. Cir. 2003) (citation omitted).  Because courts are "[m]indful that it is bad law and bad policy to second-guess the predictive judgments made by the government's intelligence agencies," these affidavits often provide a critical opportunity for the Government to describe the impact of disclosure on intelligence-gathering or ongoing investigative activities. *Am. Civil Liberties Union v. Office of the Dir. of Nat'l Intelligence*, No. 10-cv-4419, 2011 WL 5563520, at *13 (S.D.N.Y. Nov. 15, 2011) (citation omitted).  *Ex parte*, *in camera* submissions allow the Government to demonstrate that "[t]he present case is one example where some of the interests of the adversary process are outweighed by the nation's legitimate interests in secrecy and orderly process for disclosure." *Hayden*, 608 F.2d at 1385.

Further, as the Government noted in its opposition to Buzzfeed's motion to compel, *see* Gov't Opp. at 32 n.13, courts routinely rely on *ex parte*, *in camera* materials when determining whether a privilege has been properly asserted and bars disclosure. *See, e.g.*, *Alexander v. FBI*, 186 F.R.D. 154, 169 (D.D.C. 1999) (explaining that *in camera*, *ex parte* hearing was required to determine whether law enforcement investigatory privilege applied).  The D.C. Circuit has, in fact, upheld the use of *ex parte*, *in camera* submissions to support claims of privilege applying to information sought under a third-party subpoena.  In *Linder v. Dep't of Defense*, 133 F.3d 17 (D.C.

Cir. 1998), the Court of Appeals determined that the district court appropriately accepted CIA's claims of statutory privilege with respect to various documents sought under a third-party subpoena, and it specifically noted that "the district court relied on very detailed information contained in the *ex parte* declaration" of an agency official who "explain[ed] the potential harms to national security from the disclosure of intelligence sources, intelligence methods, . . . CIA employee names and organizational data, and cryptonyms and pseudonyms." *Id.* at 25. "Because judges 'have little or no background in the delicate business of intelligence gathering,'" the *Linder* court explained, "courts must give 'great deference'" to an intelligence agency or official's determination that disclosure of particular information "could reveal intelligence sources and methods and endanger national security." *Id.* (quoting *CIA v. Sims*, 471 U.S. 159, 176 (1985)).

Outside the context of the law-enforcement privilege, actions arising under the Freedom of Information Act ("FOIA") and involving FOIA's Exemption 7 – which protects from disclosure certain law-enforcement information – are also instructive for this case.   In those cases, to demonstrate that information is properly withheld under Exemption 7, the agency must show that disclosure could reasonably be expected to interfere with law-enforcement proceedings.  *See* 5 U.S.C. § 552(b)(7)(A).   However, the agency often cannot fully articulate the harm that could reasonably be expected to result if the information is disclosed without revealing the very investigative information that the agency seeks to protect.  *See, e.g.*, *Hayden*, 608 F.2d at 1385; *Campbell*, 682 F.2d at 265; *Barnard v. Dep't of Homeland Sec.*, 598 F. Supp. 2d 1, 16 (D.D.C. 2009) ("[W]here, as here, an agency indicates that no additional information concerning an investigation may be publicly disclosed without revealing precisely the information that the agency seeks to withhold, the receipt of *in camera* declarations is appropriate.").  Recently, another court in this district relied on *ex parte*, *in camera* declarations, even when "[t]he detailed facts that

Case 1:17-mc-02429-APM   Document 14   Filed 12/18/17   Page 15 of 18

underpin the government's decision to withhold . . . responsive records are revealed only in the classified declarations that DOJ has provided to this Court—which, admittedly, puts [plaintiff] at a distinct disadvantage with respect to its argument that the withheld information should be released." *Elec. Privacy Info. Ctr. v. DOJ*, -- F. Supp. 3d --, 2017 WL 5176309, at *6 (D.D.C. Nov. 7, 2017). The Court explained that relying on those *in camera* declarations nevertheless was appropriate "when there is a reasonable risk 'that public itemization and detailed justification would compromise legitimate secrecy interests'" of the Government. *Id.* (quoting *Hayden*, 608 F.2d at 1385).

Further, as the Government pointed out in its opposition, other courts in this district recently have permitted the Government to submit *ex parte*, *in camera* declarations to justify their withholding of records under the FOIA related to the FBI's investigation of Russian interference in the 2016 Presidential Election. *See, e.g.*, *Leopold v. Dep't of Treasury*, No. 16-cv-1827 (D.D.C.), Aug. 1, 2017 Order, at 3, ECF No. 20 (explaining that "the receipt of *in camera* declarations is appropriate" where "a law enforcement agency indicates that no additional information concerning an ongoing investigation may be publicly disclosed without revealing precisely the information that the agency is entitled to withhold"; agreeing that *in camera* inspection is necessary to prevent interference with an ongoing investigation; and noting that "revealing more about the redacted information on the public record would disclose the very information that Defendants seek to withhold.").[6] According to Buzzfeed, the testimony it seeks

---

[6] Although the Government requested leave to file an unredacted version of their declaration with the court in *Leopold*, Judge Ketanji Brown Jackson did not suggest that the Government defendants were required to do so in that or any other case. The same is true of the other cases Buzzfeed points to in which courts relied on *ex parte*, *in camera* submissions after the Government sought leave to file them, *see* Mot. to Strike at 2 n.3; notwithstanding the Government's decision to request permission for an *in camera* submission in those cases, none of

in its motion to compel "lies at the core of the public controversy regarding Russian interference in the Presidential election and [the] alleged collusion with the Trump campaign . . . including . . . the appointment of Special Counsel Robert Mueller." Mot. to Compel at 20.  By Buzzfeed's own admission, then, this miscellaneous action implicates the same law-enforcement concerns that prompted the court in *Leopold* to accept *ex parte*, *in camera* submissions.[7]

By contrast, the case Buzzfeed cites in which a court denied a request for leave to file an *ex parte*, *in camera* affidavit involved a private defendant seeking to shield information from the public and a government agency—the converse of the situation here.  *See FTC v. Boehringer Ingelheim Pharm., Inc.*, 180 F. Supp. 3d 1, 22 (D.D.C. 2016).  There, the court explained that it was denying the defendant-corporation's "motion for leave to file [an] *ex parte* affidavit because . . . the business interests implicated in the instant dispute fall well short of the types of interests that appropriately deserve *ex parte* treatment—*i.e.*, national security and grand jury matters." *Id.* However, the protection of law-enforcement-sensitive information, the disclosure of which could interfere with an ongoing law enforcement investigation, *is* "on par with national security or grand jury secrecy" and therefore outweighs the general "public interest in open, adversarial proceedings." *Id.*  Thus, while a court should consider an *ex parte*, *in camera* affidavit "only where

---

those courts held or otherwise indicated that the Government *must* do so before an *in camera* submission.

Moreover, it is of no moment that the *Leopold* court highlighted the Government's filing of a redacted version of its *ex parte* submission on the public docket because some *in camera* submissions are not amenable to the filing of public, redacted versions—because the non-sensitive portions are already publicly available or are very minor.  Buzzfeed simply assumes that the Government has not attempted to make publicly available as much information as is appropriate; that assumption is unfounded.

[7] Buzzfeed argues that there is a distinction between *in camera* review of documents withheld pursuant to an evidentiary privilege and reliance on an *in camera* submission for the assertion of that privilege in the first instance.  *See* Mot. to Strike at 4.  In this case, however, Buzzfeed has moved to compel only testimony, so there are no relevant records for the Government to submit for *in camera* review, making that distinction irrelevant here.

absolutely necessary," that "necessity exists when . . . the validity of the government's assertion

of exemption" – or, in this case, privilege – "cannot be evaluated without information beyond that

contained in the public" filings, and when "public disclosure of that information would

compromise the secrecy asserted." *Arieff*, 712 F.2d at 1471 (citations omitted).

### C.   The Government's *Ex Parte* Declaration Does Not Prejudice Buzzfeed.

In addition to being appropriate in the context of this case and in response to this motion

to compel, the submission of the FBI Declaration has not prejudiced Buzzfeed.  The Government

submitted a completely unredacted brief in opposition to the motion to compel on the public

docket, precisely so that its substantive argument as to the law enforcement investigatory privilege

would be clear to Buzzfeed.  The FBI Declaration simply supplies factual support for the

Government's assertion that the testimony Buzzfeed seeks in its motion to compel involves

information whose disclosure could reasonably be expected to interfere with a law enforcement

investigation.[8]  *See* Gov't Opp. at 31-37.  The FBI Declaration is cited a mere seven times, on five

pages of a thirty-seven-page opposition brief.  *Id.* at 33-37.  Its role in the Government's opposition

is therefore limited, though essential.

Moreover, while a court must create "as complete a public record as is possible," there is

no need for the Government to release a redacted version of an *in camera* declaration when doing

---

[8] For this reason, this is not the sort of declaration that is typically vulnerable to a motion to strike under Rule 12(f), for the information contained within it merely provides factual support for the Government's assertion of privilege; the declaration is neither redundant nor lacking in foundation.  *Cf. LaRouche v. Dep't of Treasury*, No. 91-cv-1655, 2000 WL 805214, at *15 (D.D.C. Mar. 31, 2000) (striking declaration submitted in support of plaintiff's motion for summary judgment in a FOIA action as "violative of Rule 12(f)'s prohibition on 'redundant' matter" because it "repeats information already contained in" plaintiff's motion and because "[t]he bulk of the . . . declaration is hearsay"); *Johnson v. U.S. Capitol Police Bd.*, No. 03-cv-614, 2005 WL 486743, at *2-3 (D.D.C. Mar. 2, 2005) (striking one declaration as irrelevant because declarant did not have relevant first-hand knowledge but denying motion to strike second declaration because declarant *did* have first-hand knowledge of relevant facts).

so would "merely duplicate[] material already in the public record." *Hayden*, 608 F.2d at 1385, 1389.  In this case, the only information the Government could release in an unredacted form from the FBI Declaration – because that information is not law-enforcement-sensitive – is information that is already publicly available and therefore information to which Buzzfeed has access. Therefore, nothing would be gained were this Court to order the Government to file a redacted version of its *ex parte*, *in camera* declaration on the public docket.

Finally, Buzzfeed clearly can respond fully to the Government's assertion of privilege without viewing the FBI declaration; indeed, the fact that Buzzfeed has not, as of this filing, sought an extension for its reply in support of its motion to compel pending the Court's decision on its motion to strike – and therefore will be filing that reply today – belies any claim of prejudice.

## CONCLUSION

For the foregoing reasons, the Government respectfully submits that this Court should defer ruling on Plaintiffs' motion to strike or, in the alternative, deny the motion.

Respectfully submitted this 18th day of December, 2017,

CHAD A. READLER
Acting Assistant Attorney General

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

*/s/ Anjali Motgi*
ANJALI MOTGI (TX Bar # 24092864)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
(202) 305-0879 (tel.)
(202) 616-8470 (fax)
anjali.motgi@usdoj.gov